UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
         :
**BRIAN GEE-SHEPHERD**,
         :
                Plaintiff,
         :   **MEMORANDUM DECISION AND ORDER**
      – against –
         :   24-CV-000654 (AMD) (SJB)
         :
**KRISTINA GROMOVA**,
         :
                Defendant.
         :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The *pro se* plaintiff brings this action against his ex-wife, asserting that she violated the terms of a settlement agreement in an earlier Hague Convention action regarding custody of their child. The plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his request for counsel is denied. For the reasons discussed below, the action is dismissed.

## BACKGROUND

      The plaintiff in this action was the respondent in *Gromova et al. v. Gee-Shepherd*, No. 19-CV-05356. The plaintiff and the defendant have a daughter in common—E.G.S. The defendant in this action brought a petition under the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), seeking return of E.G.S. to Estonia from New York. (Complaint, *Gromova*, No. 19-CV-05356 (E.D.N.Y. Sept. 27, 2019), ECF No. 1.) The parties entered a consent order and settlement agreement, and on February 18, 2021, this Court dismissed the action with prejudice.

On November 27, 2023, the respondent filed a motion to reopen *Gromova*, asserting that the petitioner violated their "Custody Agreement, which [the Court was] instrumental in creating." (*Gromova*, No. 19-CV-05356 (E.D.N.Y. Dec. 21, 2023), ECF No. 62 at 1.)  The respondent asserted that the petitioner "relocated [their] daughter, E.G.S., to Boca Raton, Florida," which was "not permitted under [the] Custody Agreement." (*Id.*)  The respondent also asserted the petitioner has "den[ied him] access to E.G.S[.]" on "scheduled weekend[s]" and holiday visits. (*Id.* at 2.)  The respondent advised the Court that there are ongoing proceedings in the Supreme Court of New York and in Brooklyn Family Court about the petitioner's relocation to Florida. (*See id.* at 1–2.)

On December 21, 2023, this Court denied the plaintiff's motion to reopen the action, because there was no basis to reopen it.  The Court did not retain jurisdiction after the case was dismissed, and the motion did not appear to raise any issue relevant to a Hague Convention petition, as all parties are in the United States.

On January 19, 2024, in response to the Court's order in case number 19-CV-05356, the respondent filed another letter, which this Court construed as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  In the letter, the respondent largely restated his claims about violations of the settlement agreement.  He also stated that he had "spoken to over a dozen attorneys," and "none of them ha[d] been able to give [him] clear guidance on how to get enforcement of this Agreement." (*Gromova*, No. 19-CV-05356 (E.D.N.Y. Jan. 19, 2024), ECF No. 63 at 1.)  This Court denied the motion for reconsideration on April 11, 2024.

On January 26, 2024, while the motion for reconsideration was pending, the plaintiff filed this action, raising the same issues he raised in the motion to reopen—that the defendant, his ex-

2

wife, violated the terms of the settlement agreement by relocating with E.G.S. to Florida and denying the plaintiff visits. (ECF No. 1 at 2–3.) The plaintiff seeks "enforcement" of the settlement agreement, return of E.G.S. to New York, and if the defendant refuses to return E.G.S. to New York, the plaintiff requests full physical and legal custody of E.G.S. (*Id.* at 5.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. The Court reads the plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

3

**DISCUSSION**

The domestic-relations exception bars the plaintiff's action. This exception deprives federal courts of diversity jurisdiction in cases where a plaintiff seeks to modify or interpret the terms of an existing divorce, alimony, or child-custody decree. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *Mochary v. Bergstein*, 42 F.4th 80, 88 (2d Cir. 2022). Further, the domestic-relations abstention doctrine requires federal district courts to abstain from exercising federal question jurisdiction over claims involving domestic relations issues so long as those claims could be fully and fairly determined in the state courts. *See American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("Although the domestic relations '*exception*' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* [ ] does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." (internal quotation marks omitted)).[1]

The plaintiff has previously advised the Court that he has a case pending in New York Family Court. To the extent that the plaintiff is dissatisfied with the current custody agreement or contends that the defendant has violated the custody agreement, his remedy lies with the Family Court, which "So Ordered" the settlement agreement. (*Gromova*, No. 19-CV-05356 (E.D.N.Y. Feb. 16, 2024), ECF No. 54.)

---

[1] That the parties were before the Court on the defendant's petition pursuant to the Hague Convention does not mean that the Court has jurisdiction to make custody decisions. As an initial matter, the plaintiff represents that both parties live in the United States; the Hague Convention applies only when one of the parties is in a different country. *See Saada v. Golan*, No. 18-CV-5292, 2024 WL 262951, at *9 (E.D.N.Y. Jan. 24, 2024). Moreover, the Hague Convention is explicit that federal courts are not to decide custody questions. *See id.* Rather, federal courts decide where the custody determination should be made. In case number 19-CV-05356, if the parties had not resolved their differences in a settlement agreement, the Court would have decided whether the custody decision would be made in the United States or in Estonia.

4

In any event, the claims for which the plaintiff seeks relief arise from the custody of his child, and thus fall within the domestic-relations exception and abstention doctrines. *See, e.g.*, *Hirsch v. Kairey*, No. 22-CV-6716, 2023 WL 4902749, at *3 (E.D.N.Y. Aug. 1, 2023) (noting that the plaintiff's claims were barred under the domestic relations abstention doctrine); *Azaryev v. Flores Garcia*, No. 20-CV-4419, 2023 WL 2652604, at *3 (E.D.N.Y. Mar. 27, 2023) (noting that the domestic relations exception deprived this Court of jurisdiction over the plaintiff's claims); *Reeves v. Reeves*, No. 22-CV-2544, 2022 WL 1125267, at *1 (S.D.N.Y. Apr. 14, 2022) (noting that there was no obstacle to the full and fair determination of the parties' child custody dispute in Family Court).

The Court will not grant leave to amend the complaint because it would be futile. The jurisdictional issues present a "substantive" problem that "better pleading will not cure." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Dyer v. Edwin Gould Foster Care Agency*, No. 19-CV-0531, 2019 WL 442150, at *2 (E.D.N.Y. Feb. 4, 2019) (denying leave to amend because "plaintiff's claims are strictly about state court matters, and amending the complaint would not cure that defect"). Because the domestic relations exception and abstention doctrines preclude this Court's exercise of jurisdiction, any attempt to amend the complaint would be futile. *See, e.g.*, *Deem*, 941 F.3d at 621 (affirming, on domestic relations abstention grounds, the district court's dismissal of *pro se* plaintiff's complaint without leave to amend).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). Any state law claims raised in the complaint are dismissed without prejudice.

The plaintiff is warned that the Court will not tolerate frivolous or duplicative litigation. If the plaintiff persists in filing duplicative or frivolous actions, the Court may enter an Order barring the acceptance of any future *in forma pauperis* complaints unless the plaintiff first obtains leave of the Court to do so.  28 U.S.C. § 1651; *see Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam* ) (A district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." (internal quotations and citations omitted)); *In re Martin-Trigona*, 9 F.3d 226, 227–29 (2d Cir. 1993).

The Clerk of Court is directed to enter judgment and mail a copy of this Order and the judgment to the plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                s/Ann M. Donnelly

                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
        April 16, 2024